IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TERRY K. OFORI,<br>    Plaintiff,<br><br>v.<br><br>LESLIE J. FLEMING, *et al.*,<br>    Defendants. | Civil Action No. 7:23-cv-00398<br><br><br>By: Elizabeth K. Dillon<br>    United States District Judge |

**MEMORANDUM OPINION AND ORDER**

Terry K. Ofori, a Virginia inmate proceeding *pro se*, commenced this civil action under 42 U.S.C. § 1983. His complaint arises from events that occurred while he was housed at Wallens Ridge State Prison (WRSP). His complaint alleges several claims against 29 defendants. (Dkt. No. 1.) The court will sever his claims as discussed below.

**I.  SEVERANCE**

Based upon a review of the complaint, the court concludes that Ofori's claims and defendants are misjoined. *See* Fed. R. Civ. P. 18, 20. A plaintiff may only join different defendants in the same suit if the claims against them arose out of the same transaction or occurrence, or series thereof, and contain a question of fact or law common to all the defendants. Fed. R. Civ. P. 20(a)(2). Thus, where claims arise out of different transactions and do not involve all defendants, joinder of the claims in one lawsuit is not proper. *See Moore v. Squire*, Civil Action No. 7:23-cv-00439, 2023 WL 5095696, at *1 (W.D. Va. Aug. 9, 2023).

Even if there were no misjoinder, however, the court concludes that allowing all of these claims to proceed in a single suit would make that lawsuit unwieldy and inefficient and would effectively allow Ofori to challenge different aspects of his incarceration and unrelated actions by various defendants in a single omnibus suit, in violation of the purposes of the Prison Litigation

Reform Act (PLRA). Moreover, Rule 21 of the Federal Rules of Civil Procedure allows a court the discretion to "sever any claim against a party" and proceed with it separately. Fed. R. Civ. P. 21; *Spencer, White & Prentis, Inc. v. Pfizer, Inc.*, 498 F.2d 358, 362 (2d Cir. 1974) ("[J]ustification for severance is not confined to misjoinder of parties."). Use of Rule 21 has been approved by circuit courts in the context of initial reviews of prisoner complaints, with and without joinder. *See Daker v. Head*, 750 F. App'x 765, 768 (11th Cir. 2018) (explaining that district court should have severed unrelated claims under Rule 21 and *sua sponte* dismissed improper defendants rather than dismissing prisoner's amended complaint); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) (holding that district court should have severed case into separate actions or dismissed improperly joined defendants).

Here, the complaint alleges different claims and unrelated factual allegations, such that it would not be efficient or otherwise appropriate to allow Ofori to prosecute all of his claims in a single case. *See Moore*, 2023 WL 5095696, at *1; *Equal Rights Ctr. v. Equity Residential*, 483 F. Supp. 2d 482, 489 (D. Md. 2007) (noting that, in determining whether severance is proper, courts may consider whether the issues to be severed are significantly different from one another, will require different witnesses or different documentary proof, and the prejudice to any party as to the decision of whether to sever).

Accordingly, the court will exercise its discretion to sever Ofori's claims into separate lawsuits, attempting to group together like claims, or claims against the same defendants, in order to promote judicial efficiency and ensure that the claims can be addressed in an orderly fashion. Along with a copy of this memorandum opinion and order, Ofori's complaint (Dkt. No. 1) shall be filed as the opening document in each of the new lawsuits. The new lawsuits will be conditionally filed, and Ofori will be required to return a consent-to-fee form in each of the new cases, based on

the *in forma pauperis* application he has provided in this case. The amount of the required initial partial payment will be the same in the new cases as it was for this case: $14.61. In the alternative, Ofori may elect not to proceed with any of the new cases and may move to voluntarily dismiss any of the new cases. Additionally, if Ofori fails to return the consent-to-fee form in a new case, it will be dismissed without prejudice.

The fact that the court is allowing the filing of Ofori's claims in other lawsuits is not a finding that he has stated any meritorious claim for relief under 42 U.S.C. § 1983 or any other valid claim. Instead, the claims will be evaluated after Ofori returns his consent-to-fee form.

## II. ORDER

It is HEREBY ORDERED that this case is SEVERED into a total of 16 cases (this case and 15 new cases). The Clerk is DIRECTED to open 15 new cases and to conditionally file a copy of the complaint (Dkt. No. 1) in the new cases, along with a copy of this memorandum opinion and order, with each case involving the topics as listed below. In each new civil action, the Clerk is further DIRECTED to include in the first docket entry, in bold type, the paragraph numbers that will constitute that particular case.

The Clerk also shall docket Ofori's Statement of Assets and Prisoner Trust Account Report (Dkt. No. 4) in the new cases, and issue conditional filing orders requiring Ofori (if he intends to go forward with the claim(s) in that case) to consent to collection of an initial payment of $14.61 and, over time as funds are available, the remainder of the $350 filing fee for that case. Lastly, the Clerk also shall send Ofori a copy of a docket sheet in each case to give him clear notice of the new case numbers and the content of each case.

The court has identified the separate claims and the defendants of each claim as best as it can. However, as to some of the claims, one individual named as being involved is identified as

"John Doe." After Ofori returns his consent-to-fee form in each case, the court may permit him to file an amended complaint and name other defendants or to substitute defendants for the Doe defendant.

The subject-matter of each case shall be as follows:

1. This case shall involve the allegations in paragraphs 10–15, along with the Addendum (First) at page 87 of the Complaint. The claims involve allegations that prison officials interfered with Ofori's pursuit of internal grievances. Defendants to these claims are Leslie J. Fleming, Mr. J. Combs, Mr. Anderson, Mr. W. Todd Farris, Ms. R.D. Young, Mr. R.J. Cochrane, Mr. Joseph B. Stallard, and Ms. B.J. Ravizee.

2. New Lawsuit One shall involve the allegations in paragraphs 16–24. The claims involve plaintiff being threatened by one of the defendants and plaintiff's pursuit of a grievance over the threat. Defendants to these claims are Leslie J. Fleming, Ms. R.D. Young, Mr. Joseph B. Stallard, and Mr. W.R. Hensley.[1]

3. New Lawsuit Two shall involve the allegations in paragraphs 25–30. The claims relate to Ofori's security classification and the denial of his request for a transfer. The defendants to these claims are Mr. J. Combs, Mr. Anderson, Mr. W. Todd Farris, Ms. R.D. Young, B.L. Hughes, Mr. Joseph B. Stallard, and Mr. Samuel A. Coughran.

4. New Lawsuit Three shall involve the allegations in paragraphs 31–42 and 84–88, which involve alleged interference with Ofori's access to legal materials and retaliatory actions against him for bringing lawsuits. The defendants to these claims are Leslie J. Fleming, Mr. J.

---

[1] Ofori assigns numbers to each defendant, then references the numbers throughout his allegations. Ofori has crossed out Agents 10 and 20 on his complaint. The court takes this to mean that he does not want these individuals as defendants and does not want to sue them. Thus, while the allegations in paragraphs 16–24 reference Agent 20, the court has not included that person as a defendant to these claims.

4

Combs, Mr. Anderson, Mr. W. Todd Farris, Ms. R.D. Young, Mr. Joseph B. Stallard, and Mr. R.J. Cochrane.

5. New Lawsuit Four shall involve the allegations in paragraphs 43–53, which include Ofori's allegations of ignoring his food allergies and tampering with his food tray. The defendants to these claims are Ms. R.D. Young, Mr. R.J. Cochrane, B.L. Hughes, Mr. Joseph B. Stallard, Ms. S. Stallard, Mr. R. Stout, and Mr. M. Wright.

6. New Lawsuit Five shall involve the allegations in paragraphs 54–57, which include Ofori's allegations that certain items of personal property were lost or stolen. The defendants to these claims are B.L. Hughes, Mr. Joseph B. Stallard, Ms. B.J. Ravizee, and Mr. J. Bryant.

7. New Lawsuit Six shall involve the allegations in paragraphs 58–83 and 99, along with the Addendum (Second) at page 87 of the Complaint. These claims include Ofori's allegations that he was threatened and subjected to harsh living conditions as retaliation for pursuing grievances and lawsuits. The defendants to these claims are Mr. J. Combs, Mr. Anderson, B.L. Hughes, Mr. Joseph B. Stallard, Mr. Carl A. Manis, Mr. J.L. Brown, Mr. C.W. Franks, Mr. W.R. Hensley, Ms. B.J. Ravizee, Mr. M. Napler, Ms. M.L. Daniel, Mr. J. Clark, Mr. T. Leedy, and Mr. Byington.

8. New Lawsuit Seven shall involve the allegations in paragraphs 89–98, which include Ofori's allegations that certain personal items were confiscated from his cell and he was retaliated against for complaining. The defendants to these claims are Mr. Carl A. Manis, Mr. Joseph B. Stallard, Mr. W.R. Hensley, and Ms. B.J. Ravizee.

9. New Lawsuit Eight shall involve the allegations in paragraphs 100–02, which relate to alleged incidents of discrimination and retaliation against Ofori. The defendants to these claims are Mr. R.J. Cochrane and Mr. Joseph B. Stallard.

10. New Lawsuit Nine shall involve the allegations in paragraphs 103–07, which include Ofori's allegations that his metal watch band was wrongfully confiscated. The defendants to these claims are Mr. Carl A. Manis, Mr. R.J. Cochrane, Mr. C.W. Franks, and Mr. S.R. Farmer.

11. New Lawsuit Ten shall involve the allegations in paragraphs 108–12, which relate to grievances submitted by Ofori in March and April of 2018. The defendants to these claims are Mr. Carl A. Manis, Mr. J. Combs, Mr. Anderson, Mr. J.L. Brown, Mr. R.J. Cochrane, Mr. W.R. Hensley, Ms. B.J. Ravizee, Mr. J.K. Thomas, and Mr. W.K. Smith.

12. New Lawsuit Eleven shall involve the allegations in paragraphs 113–16, which involve Ofori's allegations certain items of personal property were lost or stolen when he was taken to segregation. The defendants to these claims are Mr. R.J. Cochrane, Ms. B.J. Ravizee, Mr. J.K. Thomas, and Mr. W.K. Smith.

13. New Lawsuit Twelve shall involve the allegations in paragraph 117, which relate to Ofori's claim that his attempts to file complaints on certain issues starting in April 2018 were circumvented. The defendants to these claims are Mr. Carl A. Manis, Mr. J. Combs, Mr. Anderson, Mr. J.L. Brown, Mr. R.J. Cochrane, Mr. Byington, and Mr. John Doe.

14. New Lawsuit Thirteen shall involve the allegations in paragraphs 118–21, which involve Ofori's claim that defendants interfered with his access to court. The defendants to these claims are Mr. J. Combs, Mr. Joseph B. Stallard, and Mr. Jones.

15. New Lawsuit Fourteen shall involve the allegations in paragraphs 122–27, along with the Addendum (Third) at page 87 of the Complaint, which involve Ofori's claim that he was retaliated against for filing lawsuits. The defendants to these claims are Mr. J. Combs, Mr. R.J. Cochrane, Mr. Joseph B. Stallard, and Mr. M.D. Powers.

16. New Lawsuit Fifteen shall involve the allegations in paragraphs 133–38, which contain allegations of denial of access to legal resources and materials. The defendants to these claims are Mr. Leslie J. Fleming, Mr. Carl A. Manis, Mr. J. Combs, Mr. Anderson, Mr. J.L. Brown, Mr. W. Todd Farris, Ms. R.D. Young, Mr. R.J. Cochrane, B.L. Hughes, Mr. Joseph B. Stallard, Mr. Samuel Coughran, Mr. M. Napler, Ms. M.L. Daniel, Mr. J. Clark, Mr. J.K. Thomas, Mr. W.K. Smith, Mr. M.D. Powers, and Mr. John Doe.

If Ofori does not want to pursue any of the new cases, he may file a motion voluntarily dismissing that lawsuit. Ofori should carefully consider which cases and claims to pursue. If he elects to proceed with a case, and the claims in it are later dismissed as frivolous or for failure to state a claim, that dismissal will likely count as a "strike" for purposes of the PLRA's three-strikes provision, 28 U.S.C. § 1915(g). *See Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1727 (2020) (holding that a dismissal of a suit for failure to state a claim whether with or without prejudice, counts as a strike under the PLRA).

The Clerk is DIRECTED to provide a copy of this memorandum opinion and order to Ofori.

Entered: January 9, 2024.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge