CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
April 15, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TERRY K. OFORI, ) | |
|     Plaintiff, ) | Civil Action No. 7:23-cv-00398 |
| ) | |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| LESLIE J. FLEMING, *et al.*, ) |     Chief United States District Judge |
|     Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Terry K. Ofori, a Virginia inmate proceeding *pro se*, commenced this civil action under 42 U.S.C. § 1983. (Dkt. No. 1.) On January 9, 2024, the court issued an order severing this matter into 16 cases (this case and 15 new cases). (Dkt. No. 7.) The court denied plaintiff's motion to reconsider the severance ruling. (Dkt. No. 10.) Plaintiff has now filed an amended complaint which alleges claims arising during his detention at Wallens Ridge State Prison. (Dkt. No. 13.) The claims in this new pleading—71 pages long against 33 total defendants—must also be severed into several actions as set forth below—8 total cases (this case and 7 new cases).

**I. SEVERANCE**

Based upon a review of the amended complaint, the court concludes that Ofori's claims and defendants are misjoined. *See* Fed. R. Civ. P. 18, 20. A plaintiff may only join different defendants in the same suit if the claims against them arose out of the same transaction or occurrence, or series thereof, and contain a question of fact or law common to all the defendants. Fed. R. Civ. P. 20(a)(2). Thus, where claims arise out of different transactions and do not involve all defendants, joinder of the claims in one lawsuit is not proper. *See Moore v. Squire*, Civil Action No. 7:23-cv-00439, 2023 WL 5095696, at *1 (W.D. Va. Aug. 9, 2023).

Even if there were no misjoinder, however, the court concludes that allowing all of these

claims to proceed in a single suit would make that lawsuit unwieldy and inefficient and would effectively allow Ofori to challenge different aspects of his incarceration and unrelated actions by various defendants in a single omnibus suit, in violation of the purposes of the Prison Litigation Reform Act (PLRA). Moreover, Rule 21 of the Federal Rules of Civil Procedure allows a court the discretion to "sever any claim against a party" and proceed with it separately. Fed. R. Civ. P. 21; *Spencer, White & Prentis, Inc. v. Pfizer, Inc.*, 498 F.2d 358, 361 (2d Cir. 1974) ("[J]ustification for severance is not confined to misjoinder of parties."). Use of Rule 21 has been approved by circuit courts in the context of initial reviews of prisoner complaints, with and without joinder. *See Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) (holding that district court should have severed case into separate actions or dismissed improperly joined defendants).

Here, the amended complaint alleges different claims and unrelated factual allegations, such that it would not be efficient or otherwise appropriate to allow Ofori to prosecute all of his claims in a single case. *See Moore*, 2023 WL 5095696, at *1; *Equal Rights Ctr. v. Equity Residential*, 483 F. Supp. 2d 482, 489 (D. Md. 2007) (noting that, in determining whether severance is proper, courts may consider whether the issues to be severed are significantly different from one another, will require different witnesses or different documentary proof, and the prejudice to any party as to the decision of whether to sever).

Accordingly, the court will exercise its discretion to sever Ofori's claims into separate lawsuits, attempting to group together like claims, or claims against the same defendants, in order to promote judicial efficiency and ensure that the claims can be addressed in an orderly fashion. Along with a copy of this memorandum opinion and order, Ofori's amended complaint (Dkt. No. 13) shall be filed as the opening document in each of the new lawsuits. The new lawsuits will be conditionally filed, and Ofori will be required to return a consent-to-fee form in each of the new

cases, based on the *in forma pauperis* application he has provided in this case. The amount of the required initial partial payment will be the same in the new cases as it was for this case: $14.61. In the alternative, Ofori may elect not to proceed with any of the new cases and may move to voluntarily dismiss any of the new cases. Additionally, if Ofori fails to return the consent-to-fee form in a new case, it will be dismissed without prejudice.

The fact that the court is allowing the filing of Ofori's claims in other lawsuits is not a finding that he has stated any meritorious claim for relief under 42 U.S.C. § 1983 or any other valid claim. Instead, the claims will be evaluated after Ofori returns his consent-to-fee form.

## II. ORDER

It is HEREBY ORDERED that this case is SEVERED into a total of 8 cases (this case and 7 new cases). The Clerk is DIRECTED to open 7 new cases and to conditionally file a copy of the amended complaint (Dkt. No. 13) in the new cases, along with a copy of this memorandum opinion and order. In each new civil action, the Clerk is further DIRECTED to include in the first docket entry, in bold type, the paragraph numbers that will constitute that particular case.

The Clerk also shall docket Ofori's Statement of Assets and Prisoner Trust Account Report (Dkt. No. 4) in the new cases, and issue conditional filing orders requiring Ofori (if he intends to go forward with the claim(s) in that case) to consent to collection of an initial payment of $14.61 and, over time as funds are available, the remainder of the $350 filing fee for that case. Lastly, the Clerk also shall send Ofori a copy of a docket sheet in each case to give him clear notice of the new case numbers and the content of each case.

The court has identified the defendants of each claim as best as it can. However, as to some of the claims, one or more individuals named as being involved is identified as "John Doe" or "Jane

3

Doe." After Ofori returns his consent-to-fee form in each case, the court may permit him to file an amended complaint and name other defendants or to substitute defendants for any Doe defendants.

The subject-matter of each case shall be as follows:

1.  This case shall involve the allegations in paragraphs 6–9 and 58–68. The allegations in these paragraphs relate to point allocations for disciplinary issues. Defendants to these claims are Leslie J. Fleming, Carl A. Manis, J. Combs, Anderson, J.L. Brown, W. Todd Farris, R.D. Young, R.J. Cochrane, B.L. Hughes, C. Dotson, Joseph B. Stallard, Jones, C.W. Franks, M. Napler, R. Stout, B.K. Bowman, M. Wright, J. Bryant, M.L. Daniel, J. Clark, S.R. Farmer, T. Leedy, J.K. Thomas, W.K. Smith, M.D. Powers, Byington, John Doe (might have been called Ward/Wroten), John Doe (Sargent assigned to B building), and Samuel A. Coughran.

2.  New Lawsuit **One** shall involve the allegations in paragraphs 10–12 and 58–68. The allegations in these paragraphs relate to the denial of religious exercise rights. Defendants to these claims are Leslie J. Fleming, Carl A. Manis, J. Combs, Anderson, J.L. Brown, W. Todd Farris, R.D. Young, R.J. Cochrane, B.L. Hughes, C. Dotson, Joseph B. Stallard, Jones, C.W. Franks, M. Napler, R. Stout, B.K. Bowman, M. Wright, J. Bryant, M.L. Daniel, J. Clark, S.R. Farmer, T. Leedy, J.K. Thomas, W.K. Smith, M.D. Powers, Byington, John Doe (might have been called Ward/Wroten), John Doe (Sargent assigned to B building), and S. Stallard.

3.  New Lawsuit **Two** shall involve the allegations in paragraphs 13 and 58–68. These allegations relate to stolen property and other prison condition issues. Defendants to these claims are Leslie J. Fleming, Carl A. Manis, J. Combs, Anderson, J.L. Brown, W. Todd Farris, R.D. Young, R.J. Cochrane, B.L. Hughes, C. Dotson, Joseph B. Stallard, Jones, C.W. Franks, M. Napler, R. Stout, B.K. Bowman, M. Wright, J. Bryant, M.L. Daniel, J. Clark, S.R. Farmer, T. Leedy, J.K.

Thomas, W.K. Smith, M.D. Powers, Byington, John Doe (might have been called Ward/Wroten), and John Doe (Sargent assigned to B building).

4. New Lawsuit **Three** shall involve the allegations in paragraphs 14–23, 45–56 and 58–68. The allegations in these paragraphs relate to grievance and litigation activities. Defendants to these claims are Leslie J. Fleming, Carl A. Manis, J. Combs, Anderson, J.L. Brown, W. Todd Farris, R.D. Young, R.J. Cochrane, B.L. Hughes, C. Dotson, Joseph B. Stallard, Jones, C.W. Franks, M. Napler, R. Stout, B.K. Bowman, M. Wright, J. Bryant, M.L. Daniel, J. Clark, S.R. Farmer, T. Leedy, J.K. Thomas, W.K. Smith, M.D. Powers, Byington, John Doe (might have been called Ward/Wroten), John Doe (Sargent assigned to B building), S. Stallard, and Jane/John Doe (Secretary for J. Combs).

4. New Lawsuit **Four** shall involve the allegations in paragraph 24 and 58–68. These allegations relate to threats from gang members based on rumors that plaintiff was a child molester. The defendants to these claims are Leslie J. Fleming, Carl A. Manis, J. Combs, Anderson, J.L. Brown, W. Todd Farris, R.D. Young, R.J. Cochrane, B.L. Hughes, C. Dotson, Joseph B. Stallard, Jones, C.W. Franks, M. Napler, R. Stout, B.K. Bowman, M. Wright, J. Bryant, M.L. Daniel, J. Clark, S.R. Farmer, T. Leedy, J.K. Thomas, W.K. Smith, M.D. Powers, Byington, John Doe (might have been called Ward/Wroten), and John Doe (Sargent assigned to B building).

5. New Lawsuit **Five** shall involve the allegations in paragraph 25–26 and 58-68. The allegations in these paragraphs relate to an injury suffered by plaintiff in his cell and a resulting search and disciplinary action. The defendants to these claims are Leslie J. Fleming, Carl A. Manis, J. Combs, Anderson, J.L. Brown, W. Todd Farris, R.D. Young, R.J. Cochrane, B.L. Hughes, C. Dotson, Joseph B. Stallard, Jones, C.W. Franks, M. Napler, R. Stout, B.K. Bowman, M. Wright, J. Bryant, M.L. Daniel, J. Clark, S.R. Farmer, T. Leedy, J.K. Thomas, W.K. Smith, M.D. Powers,

Byington, John Doe (might have been called Ward/Wroten), John Doe (Sargent assigned to B building), and W.R. Hensley.

6. New Lawsuit **Six** shall involve the allegations in paragraphs 27–31 and 58-68. The allegations in these paragraphs relate to complaints about recreation time and retaliation for filing complaints in 2017. The defendants to these claims are Leslie J. Fleming, Carl A. Manis, J. Combs, Anderson, J.L. Brown, W. Todd Farris, R.D. Young, R.J. Cochrane, B.L. Hughes, C. Dotson, Joseph B. Stallard, Jones, C.W. Franks, M. Napler, R. Stout, B.K. Bowman, M. Wright, J. Bryant, M.L. Daniel, J. Clark, S.R. Farmer, T. Leedy, J.K. Thomas, W.K. Smith, M.D. Powers, Byington, John Doe (might have been called Ward/Wroten), and John Doe (Sargent assigned to B building).

7. New Lawsuit **Seven** shall involve the allegations in paragraph 32–42 and 58-68. The allegations in this paragraph relate to several 2018 complaints and retaliation for pursuing those complaints. The defendants to these claims are Leslie J. Fleming, Carl A. Manis, J. Combs, Anderson, J.L. Brown, W. Todd Farris, R.D. Young, R.J. Cochrane, B.L. Hughes, C. Dotson, Joseph B. Stallard, Jones, C.W. Franks, M. Napler, R. Stout, B.K. Bowman, M. Wright, J. Bryant, M.L. Daniel, J. Clark, S.R. Farmer, T. Leedy, J.K. Thomas, W.K. Smith, M.D. Powers, Byington, John Doe (might have been called Ward/Wroten), John Doe (Sargent assigned to B building), C.W. Franks, and W.R. Hensley.

If Ofori does not want to pursue any of the new cases, he may file a motion voluntarily dismissing that lawsuit. Ofori should carefully consider which cases and claims to pursue. If he elects to proceed with a case, and the claims in it are later dismissed as frivolous or for failure to state a claim, that dismissal will likely count as a "strike" for purposes of the PLRA's three-strikes provision, 28 U.S.C. § 1915(g). *See Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1727 (2020)

(holding that a dismissal of a suit for failure to state a claim whether with or without prejudice, counts as a strike under the PLRA).

    The Clerk is DIRECTED to provide a copy of this memorandum opinion and order to Ofori.

    Entered: April 15, 2025.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge