CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

September 08, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

TERRY K. OFORI,
Plaintiff,

v.

LESLIE J. FLEMING, *et al.*,
Defendants.

Civil Action No. 7:23-cv-00398

By: Elizabeth K. Dillon
Chief United States District Judge

**MEMORANDUM OPINION**

Terry K. Ofori, a Virginia inmate acting *pro se*, originally brought this 42 U.S.C. § 1983 action against several defendants in 2023. The original complaint was severed into a total of 16 cases. (Dkt. No. 7.) Ofori then filed an amended complaint. (Dkt. No. 13, Am. Compl.) That pleading was severed into 8 cases. (Dkt. No. 18.) The result is that this action involves the allegations in paragraphs 6–9 and 58–68 of the amended complaint against 29 defendants. (*Id.* at 4.) The allegations include claims for retaliation through inaccurate point allocations for good conduct, retaliation for pursuing grievances, and unconstitutional conditions of confinement related to inadequate time for out-of-cell recreation, food service, and sleep deprivation.

Now before the court is a motion to set aside default by two of the defendants in this matter, R.J. Cochrane and W.K. Smith. (Dkt. No. 62.) Plaintiff has moved for default judgment against Cochrane. (Dkt. No. 70.) Also before the court are motions to dismiss filed by 23 of the 29 defendants. (Dkt. Nos. 36, 52, 64.)[1] The motions to dismiss argue, in part, that Ofori's claims are time-barred. Ofori responded to the second motion to dismiss. (Dkt. No. 57.)

For the reasons stated below, the motion to set aside default will be granted, plaintiff's

[1] Of the remaining six defendants, one defendant (T. Leedy) is in default. (Dkt. No. 59.) The other defendants were not served. (Dkt. No. 28 (asking plaintiff to identify defendants J.K. Thomas, Byington, John Doe-Sgt. Assigned to B building, and Jones); Dkt. No. 56 (Waiver of Service returned as undeliverable as to M. Wright).)

motion for default judgment will be denied, and defendants' motions to dismiss will be granted. The court will also dismiss the claims against the remaining defendants, and this case will be dismissed in its entirety.

## I. BACKGROUND

The allegations relevant to this lawsuit, as noted herein, are those set forth in paragraphs 6–9 and 58–68 in the amended complaint. (*See* Am. Compl.) These allegations relate to actions occurring as early as 2016 and as late as 2018. Ofori alleges, for example, that in early 2017, he submitted complaints to defendant S. Stallard that he was served too many eggs with his meals. After these complaints, Ofori received meal trays with beans, but he is allergic to beans. Ofori attempted to "mitigate the issue" by speaking with defendants R.J. Cochrane, B.L. Hughes, and J. Stallard, but they told him he complains too much and they would not help him unless he agreed to abandon his complaints. (Am. Compl. ¶ 64.) Ofori also alleges that there was an inaccurate point assessment in 2017 as retaliation for filing complaints and grievances (Am. Compl. ¶¶ 6–9); inadequate time for out-of-cell recreation in 2016, 2017, and 2018 (*id.* ¶ 58); sleep deprivation and headaches due to the lights being on in his cell for 24 hours a day from 2016 to 2018 (*id.* ¶ 59); difficult access to top bunk, causing injuries from 2016 to 2018 (*id.* ¶ 60); partitions in the shower were too small from 2016 to 2018, exposing Ofori to harassment from other inmates (*id.* ¶ 61); refusal to give plaintiff a job in retaliation for complaints from 2016 to 2018 (*id.* ¶ 62); serving Ofori foods to which he is allergic, and as a result, Ofori misses many of his meals (*id.* ¶ 63); an unconstitutional policy to censor inmate mail (*id.* ¶ 65); being charged for meal trays that plaintiff did not actually receive (*id.* ¶ 66); no toothbrush holders which results in toothbrushes to decay or accrue mildew (*id.* ¶ 67); inmates in segregation

between 2016 and 2018 subject to cold temperatures, missed showers and recreation, and meals are confined to a six and one-half hour period (*id.* ¶ 67).

On April 23, 2026, the court entered an order directing the clerk to enter default against defendants R.J. Cochrane, T. Leedy, and W.K. Smith. (Dkt. No. 58.) The court also ordered that plaintiff shall either move for default judgment against these defendants or otherwise show cause why his claims against them should not be dismissed for want of prosecution. (*Id.*) Ofori moved for default judgment against Cochrane. (Dkt. No. 70.) Cochrane and Smith moved to vacate the default and filed a motion to dismiss. (Dkt. Nos. 62, 64.)

## II. ANALYSIS

### A. Cochrane and Smith's Motion to Set Aside Default

Federal Rule of Civil Procedure 55(c) provides that the court "may set aside an entry of default for good cause, . . ." Fed. R. Civ. P. 55(c). A court should consider "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne ex rel. Estate of Caldaza v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006). The criteria must be "liberally construed in order to provide relief from the onerous consequences of defaults and default judgments." *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir. 1987). The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Univ., Inc.*, 616 F.3d 413, 417 (4th Cir. 2010).

Under these factors, Cochrane and Smith, like the other defendants, have a meritorious defense that plaintiff's claims are time-barred. They acted with reasonable promptness by

moving to set aside the default just over two months after its entry. Moreover, Cochrane and Smith were not personally responsible for the default. Counsel represents that there was confusion about the status of claims against these defendants following the court's severance orders. Cochrane and Smith assumed that they were being represented in all matters, which led to the default in this case.

For these reasons, the court will grant the motion to set aside default filed by Cochrane and Smith, and Ofori's motion for default judgment against Cochrane will be denied.

**B. Motion to Dismiss**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests a complaint's legal and factual sufficiency. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–80 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–63 (2007). To withstand a motion to dismiss, a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. The court need neither accept a complaint's legal conclusions drawn from the facts, *id.* at 679, nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments," *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). The court, however, accepts as true the complaint's well-pleaded factual allegations and construes these allegations, and the reasonable inferences drawn therefrom, in the light most favorable to the non-moving party. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).

Section 1983 does not contain an explicit statute of limitations but borrows from the forum state's personal injury statute of limitations. *Davis v. Eaton*, Civil Action No. 7:23cv00744, 2025 WL 3140806, at *3 (W.D. Va. Nov. 10, 2025) (citing *Owens v. Okure*, 488 U.S. 235, 251 (1989)). In Virginia, that statute is two years. Va. Code § 8.01-243(A); *Lewis v.*

*Richmond City Police Dept.*, 947 F.2d 733, 735 (4th Cir. 1991). The last date mentioned in Ofori's amended complaint is 2018. This action was not filed until 2023, well past the expiration of the limitations period for Ofori's claims. Thus, Ofori's claims are time-barred.

Ofori argues that the limitations period should be tolled due to at least some of his claims being raised in a previous lawsuit. (Dkt. No. 57.) To the extent that any of Ofori's claims were dismissed without prejudice in a prior lawsuit, the pendency of that lawsuit does not toll any claims because if a "suit is dismissed without prejudice, meaning it can be refiled, then the tolling effect of the suit is wiped out and the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by that filing." *Angles v. Dollar Tree Stores, Inc.*, 494 F. App'x 326, 330 (4th Cir. 2012) (quoting *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000)); *see also Brown v. Clarke*, 1:23cv315 (CMH/WEF), 2024 WL 4486179, at *2 (E.D. Va. Sept. 13, 2024) (citing *Angles* and finding prisoner was not entitled to tolling of limitations period by earlier-filed action that was dismissed without prejudice). To the extent that any claims were dismissed with prejudice and are presented by Ofori in this lawsuit, those claims are barred by the law of preclusion. "Under the doctrine of *res judicata*, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Andrews v. Daw*, 201 F.3d 521, 524 (4th Cir. 2000). Finally, if Ofori has brought any claims against these defendants that he did not bring in a prior lawsuit, then there would be no basis for tolling.

Plaintiff also argues that he alleged claims for injunctive and declaratory relief, which would not be barred by the statute of limitations. (Dkt. No. 57.) Ofori has generically requested injunctive relief, but his complaint does not plausibly allege any ongoing constitutional violations which could be remedied by an injunction. A declaratory judgment action is "a

procedural device used to vindicate substantive rights," and as such, it is "barred to the same extent that the claim for substantive relief on which it is based would be barred." *Plimpton v. Cooper*, 141 F. Supp. 2d 573, 576 (W.D.N.C. 2001) (quoting *Int'l Ass'n of Machinists & Aerospace Workers v. Tenn. Valley Auth.*, 108 F.3d 658, 668 (6th Cir. 1997)).

For these reasons, the court will grant the motions to dismiss on the grounds that Ofori's claims are untimely.

**C. Claims Against Remaining Defendants**

As noted above, the remaining defendants are either in default or they have not been served. The claims against these defendants will be dismissed without prejudice for want of prosecution. *See* Fed. R. Civ. P. 41(b). (*See* Dkt. No. 28 (ordering plaintiff to provide information to identify defendants and warning that "failure to provide the information in the allotted time shall result in dismissal of plaintiff's complaint against those defendants without prejudice"); Dkt. No. 58 (explaining that if plaintiff fails to respond to order, his claims against certain defendants may be dismissed without prejudice).)[2]

## III. CONCLUSION

For the reasons stated herein, the court will issue an appropriate order granting the motion to vacate default, granting defendants' motions to dismiss, and dismissing this case in its entirety.

Entered: September 8, 2026.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge

[2] The court will vacate the entry of default against T. Leedy for purposes of effectuating the dismissal of Ofori's claims.